IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 06-cv-00436 - LTB - GJR

BYRNE CHAUNCY SMITH,

    Plaintiff,

v.

GREG WILLIAMS, in his individual capacity and in his official capacity as the Hinsdale County Undersheriff, Hinsdale County, Colorado,

    Defendants.

_____

ORDER
_____

This case is before me on Plaintiff's Motion to Review Award of Costs [Doc # 100]. After consideration of the motion and all related pleadings, I deny the motion as set forth below.

## I. Background

Plaintiff originally asserted several claims in this lawsuit against Defendant Williams and other parties arising out of his arrest in 2005. Following my ruling on a motion for summary judgment and a stipulation between the parties, Plaintiff had a single Section 1983 claim for excessive force pending against Defendant Williams when the case proceeded to a jury trial on December 3, 2007. On December 6, 2007, the jury returned a verdict in favor of Defendant Williams on this claim.

On January 11, 2007, the clerk awarded Defendant Williams costs in the amount of $2,467.22. By the motion, Plaintiff seeks to have this award of costs vacated on the grounds that he is financially destitute and that he brought this case in good faith. Plaintiff does not challenge the clerk's calculation of the costs recoverable by Defendant Williams.

## II.  Analysis

A district court has discretion to award costs under Fed. R. Civ. P. 54(d) subject to two limitations.  *Cantrell v. Int'l Bhd. of Elec. Workers,* 69 F.3d 456, 458 (10th Cir. 1995).  First, Rule 54 creates a presumption that the district court will award costs to the prevailing party.  *Id.* at 459.  The burden is on the opposing party to overcome this presumption.  *Rodriguez v. Whiting Farms, Inc.,* 360 F.3d 1180, 1190  (10th Cir. 2004).  Second, a district court must present a valid reason for not awarding costs to a prevailing party.  *Cantrell*, 69 F.3d at 459.

Based on the holdings of other courts, the Tenth Circuit has suggested that a district court may properly deny costs when the non-prevailing party is indigent or when the issues in the case were close or difficult.  *Id.*  The Tenth Circuit has held, however, that a district court abused its discretion in denying an award of costs based on its finding that the non-prevailing party did not initiate its lawsuit in  bad faith.  *Aerotech, Inc. v. Estes,* 110 F.3d 1523, 1527 (10th Cir. 1997).  In any case, "[b]ecause a denial of costs is a 'severe penalty,' there must be 'some apparent reason to penalize the party if costs are to be denied.'"  *Id.* at 1526-27 (*quoting Klein v. Grynberg,* 44 F.3d 1497, 1507 (10th Cir. 1995)).

Applying these standards to the present case, it is apparent that Plaintiff has limited financial resources.  As pointed out by Defendant Williams, however, Plaintiff was nonetheless able to pay his attorney by the hour and may likewise be able to pay the costs taxed against him.  Plaintiff's financial status therefore does not justify the denial of costs to Defendant Williams.  Conversely, the fact that the primary question presented at trial was close such that the verdict could easily have gone in Plaintiff's favor supports the denial of costs to Defendant Williams.  I also recognize that Plaintiff brought and maintained this lawsuit in good faith though this fact alone cannot support the denial of costs of Defendant Williams.

Despite Plaintiff's good faith and the close question at issue in this case, I decline to vacate the award of costs to Defendant Williams on the basis that I fail to see, and Plaintiff has failed to offer, any reason why Defendant Williams should be penalized in this manner. Plaintiff has therefore failed to meet his burden of overcoming the presumption in favor of an award of costs to Defendant Williams.

IT IS HEREBY ORDERED that Plaintiff's Motion to Review Award of Costs [Doc # 100] is DENIED.

Dated: January __17__, 2008 in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE